UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHAWANDA MCGEE                                CIVIL ACTION

VERSUS                                        NO. 18-3341

MIKE TREGRE                                   SECTION "R" (3)


**ORDER AND REASONS**

Before the Court is defendant Mike Tregre's objections to the Magistrate Judge's Report and Recommendation awarding plaintiff Shawanda McGee attorneys' fees.[1] The Court has reviewed the Report and Recommendation *de novo*, the applicable law, and the record, and has concluded that the Magistrate Judge correctly determined the attorney fee award. The Court therefore approves the Report and Recommendation and adopts it as its opinion.

I.  **BACKGROUND**

This case arises out of allegations under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, et seq. (ADA), and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Plaintiff is a deaf individual who uses

---

[1] R. Doc. 40; R. Doc. 41.

American Sign Language to communicate.[2] She brought this action against defendant, individually and in his official capacity as the Sheriff of St. John the Baptist Parish, for his failure to provide her with effective means of communication over a period of approximately 20 years.[3] Plaintiff sought a permanent injunction against defendant's allegedly discriminatory actions, a declaratory judgment, and an award of compensatory and punitive damages, including an award of attorneys' fees.[4]

By September 14, 2018, the parties had settled all of plaintiff's claims except her claim for attorneys' fees.[5] Plaintiff filed a motion for an award of attorneys' fees, and the Court referred that motion to Magistrate Judge Daniel Knowles, III on November 26, 2018.[6] The motion was reassigned to Magistrate Judge Dana Douglas on January 7, 2019.[7]

On February 11, 2019, Magistrate Judge Douglas issued her Report and Recommendation.[8] She found (1) that plaintiff's motion was timely; (2) plaintiff is properly considered a prevailing party who can recover attorneys'

---

[2] R. Doc. 8 at 3 ¶ 11.
[3] *Id.* at 3-9. For a more complete description of the facts of this case, see the Magistrate Judge's Report and Recommendation, R. Doc. 40.
[4] *Id.* at 12.
[5] *See* R. Doc. 37.
[6] R. Doc. 38.
[7] R. Doc. 39.
[8] R. Doc. 40.

fees under the ADA and Rehabilitation Act; and (3) plaintiff was entitled to an award of attorneys' fees totaling $42,180, but she was not entitled to any litigation expenses or costs.[9] On February 25, 2019, defendant timely filed the instant objection.[10] Defendant objects only to the amount of attorneys' fees the Magistrate Judge recommended be awarded to plaintiff; he does not object to the determination that plaintiff's motion was timely or that plaintiff is properly considered a prevailing party.[11] Plaintiff does not object to any part of the Report and Recommendation, but she has filed a response to defendant's objection.[12]

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(2)(D) authorizes referral of "a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter." A Magistrate Judge addressing a referred dispositive motion under Rule 72(b) must prepare a "recommended disposition," to which the parties can object. Then, the district judge "must

---

[9]    *Id.*
[10]   R. Doc. 41.
[11]   R. Doc. 41-1.
[12]   R. Doc. 42.

determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

Here, the Court referred plaintiff's motion for attorneys' fees and costs to the Magistrate Judge to prepare a report and recommendation.[13] Therefore, *de novo* review applies to the portions of the report and recommendation properly objected to. *See also Blair v. Sealift, Inc.*, 848 F.Supp. 670, 674-79 (E.D. La. 1994) (collecting cases and holding that a post-trial motion for attorneys' fees that is not a discovery sanction is a dispositive matter subject to *de novo* review). After *de novo* review, the Court "may accept, reject, or modify the recommended disposition, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id.*

## III. DISCUSSION

The lodestar method is routinely used to determine attorney fee awards. Under the lodestar method, a court begins by calculating the "'lodestar[,]' which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Jimenez v. Wood County*, 621 F.3d 372, 379 (5th Cir. 2010) (citing

---

13  R. Doc. 38.

4

*Rutherford v. Harris County*, 197 F.3d 173, 192 (5th Cir. 1999)). The Fifth Circuit has explained that "plaintiffs seeking attorney's fees are charged with the burden of showing the reasonableness of the hours billed and, therefore, are also charged with proving that they exercised billing judgment." *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006). To exercise billing judgment, a plaintiff must write off any hours that were "unproductive, excessive, or redundant." *Id.* "The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment." *Id.* Courts may alternatively engage in a line-by-line analysis to reduce the number of hours awarded, in the event the Court finds the plaintiff did not exercise billing judgment. *Knight v. Barnhart*, No. 02-1741, 2003 WL 21467533, at *2 (E.D. La. June 20, 2003).

Once the lodestar amount is calculated, the court may adjust it based on the twelve factors set forth in *Johnson v. Georgia Highway Express, Incorporated*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). The factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the case; (3) the skill required; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed; (8) the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and

> length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* To avoid double-counting, "[t]he lodestar may not be adjusted due to a *Johnson* factor . . . if the creation of the lodestar award already took that factor into account." *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). Moreover, there may be no need to do additional *Johnson* adjusting at all, as "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010). Indeed, "there is a 'strong presumption that the lodestar award is the reasonable fee.'" *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012) (quoting *Heidtman*, 171 F.3d at 1044).

Defendant objects to three aspects of the Report and Recommendation: (1) that the Magistrate Judge failed to exclude hours that were not reasonably expended from the lodestar amount, (2) that the Magistrate Judge refused to consider reducing the fee award further on the basis of the *Johnson* factors, and (3) that the award of attorneys' fees is generally too high for the nature of plaintiff's attorneys' work.[14] Defendant's objections are without merit.

---

14    R. Doc. 41-1 at 2.

*1. Calculation of Reasonable Hours*

The Magistrate Judge followed Fifth Circuit law in calculating the lodestar amount. Magistrate Judge Douglas first determined that plaintiff's attorneys did not exercise billing judgment, because the billing statements plaintiff provided contained entries that were duplicative and unnecessary.[15] She accordingly reduced the total number of hours expended by twenty percent.[16] This is precisely what the Fifth Circuit has instructed the district courts to do in the event the movant has not exercised billing judgment. *See Saizan*, 448 F.3d at 799 ("The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment.").

The defendant does not object to the Magistrate Judge's reducing the total number of hours by twenty percent.[17] Defendant instead argues that the Magistrate Judge should have—in addition to this percentage reduction—excluded specific hours that the Magistrate Judge found were not

---

[15] R. Doc. 40 at 9-10. The Magistrate Judge found this to be the case even though plaintiff represented that her counsel already reduced the total hours by five percent. *Id.* at 9 n.1.
[16] *Id.* at 10.
[17] R. Doc. 41-1 at 4.

7

reasonably expended.[18] But the percentage reduction the Magistrate Judge applied is the way courts exclude hours that were not reasonably expended. *See Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002) (noting that "the remedy for failing to exercise billing judgment is to reduce the hours awarded by a percentage," which is simply an "abbreviated" but acceptable way of conducting a "line-by-line" analysis of the billing statements), *overruled on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006). Defendant has cited no authoritative precedent stating that the Court is obligated to reduce plaintiff's attorneys' hours by a percentage *and* conduct a line-by-line analysis of the billing statement to remove specific hours that were not reasonably expended. This objection is therefore meritless.

### 2. Application of the Johnson Factors

Defendant objects to the Magistrate Judge's decision not to reduce the lodestar amount further by application of the *Johnson* factors. Defendant specifically argues that the Magistrate Judge should have reduced the fee award based on the first three *Johnson* factors: the time and labor required, the novelty and difficulty of the issues, and the skill required to perform the

---

[18] *Id.* at 4-5.

legal services.[19] But the Magistrate Judge could not reduce the fee award further based on the first three *Johnson* factors because those factors were already accounted for in the calculation of the lodestar. *See Heidtman*, 171 F.3d at 1043. Magistrate Judge Douglas found that plaintiff's counsel did not exercise billing judgment in part because many of their billing entries were for "day-to-day, uncomplicated," and "clerical" tasks, which did not reasonably require the amount of time ultimately billed to plaintiff.[20] *See Perdue*, 559 U.S. at 553 (noting that "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee"). To reduce the award further for these same reasons—as defendant requests— would be "impermissible double-counting." *Heidtman*, 171 F.3d at 1043. This objection is therefore also meritless.

        3.      *Reasonableness of the Award*

Lastly, defendant objects generally to the size of plaintiff's attorneys' fee award.[21] Defendant argues that an award totaling $42,180 is unreasonably high considering this matter was resolved by a consent decree 48 days after plaintiff's complaint was filed, and 35 days after defendant was

---

19    R. Doc. 41-1 at 2.
20    R. Doc. 40 at 10.
21    R. Doc. 41-1 at 2.

served process.[22] He specifically argues that more than half of the hours in plaintiff's initial claim for attorneys' fees—127.2 out of 242.9 hours—were billed before she filed her complaint.[23] Defendant contends that "most" of these pre-complaint hours should be excluded.[24] This objection too is meritless.

The basis for the twenty percent reduction in plaintiff's counsel's hours was, in part, because of their unnecessary and duplicative billing entries during the time period before plaintiff filed her complaint. Magistrate Judge Douglas explained that "[w]hile . . . some amount of time for pre-filing investigative work may be necessary in certain lawsuits," the number of hours plaintiff's counsel billed before filing the complaint was "greater . . . than necessary."[25] In other words, the Magistrate Judge and defendant agree that a reduction is necessary based on plaintiff's excessive pre-complaint billing entries. They disagree only in the amount of the reduction that should be made.

Defendant's contention that *most*—and not just twenty percent—of the hours from this period should be excluded is unavailing. Much of this pre-

---

[22] *Id.*
[23] *Id.* at 5.
[24] *Id.* at 6.
[25] R. Doc. 40 at 10.

complaint work consisted of factual investigation[26] and legal research.[27] These are obviously important aspects of a plaintiff's disability discrimination claim, and they must be performed before a plaintiff initiates her action. *See Steele v. Pro-Tech Found. Repair & Leveling, LLC*, No. 18-542, 2018 WL 1603506, at *5 (E.D. La. Apr. 2, 2018) ("Attorneys have an obligation to investigate the facts and the law of their case."). Robust prefiling investigation and research facilitates early resolution, such as happened here. The Court therefore finds that the Magistrate Judge's twenty percent reduction adequately accounts for plaintiff's counsel's failure to exercise billing judgment, while still recognizing that much of this pre-compliant work was important to plaintiff's lawsuit. No further reduction is called for.

---

[26] *See, e.g.*, R. Doc. 26-5 at 1-2 (attorney Amitai Heller billing for "intake conversation with plaintiff" and "review[ing] records from St. John the Baptist Sheriff's office").

[27] *See, e.g.*, *id.* (attorney Amitai Heller billing for research into the "ADA" and "quantum damages for similar claims").

## IV. CONCLUSION

For the foregoing reasons, the Court approves the Report and Recommendation and adopts it as its opinion herein.

New Orleans, Louisiana, this __5th__ day of June, 2019.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE